**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCELO HERNANDEZ-ROJAS, | ) NO. CV 13-339-CAS (MAN) |
| Petitioner, | ) |
| v. | ) ORDER DISMISSING PETITION |
| | ) FOR WRIT OF HABEAS CORPUS |
| RICHARD B. IVES, WARDEN, | ) WITHOUT PREJUDICE |
| Respondent. | ) |
| _____ | ) |

On January 16, 2013, Petitioner, a federal prisoner proceeding *pro se*, filed a habeas petition, purportedly pursuant to 28 U.S.C. § 2241, accompanied by a supporting memorandum (respectively, "Petition" and "Pet. Mem."). Petitioner names as Respondent the Warden of USP-Lompoc, the federal correctional institution at which he is incarcerated.

Petitioner is not challenging his federal conviction or sentence, the execution of his sentence, or the fact of his custody or incarceration. Rather, Petitioner complains that, in violation of the Eighth Amendment, he has not been receiving adequate medical care. He alleges that: since December 28, 2011, medical staff at USP-Lompoc has been aware of his serious medical problem involving skin lesions on his

leg and foot pain; and as a result of staff members' failure to respond to his requests for medical treatment, in November 2012, he was required to have part of his right leg amputated on an emergency basis. (Petition at 3; Pet. Mem. at 2-3.)  Petitioner further alleges that he is having similar problems with his left leg, but USP-Lompoc staff members continue to ignore his medical needs.  (Pet. Mem. at 3.)

A habeas corpus petition under 28 U.S.C. § 2241 is the proper vehicle for a federal prisoner's challenge to the manner, location, or conditions of a sentence's execution. *See* Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).  By contrast, challenges to a prisoner's conditions of confinement must be brought through a civil rights action, rather than through a habeas corpus petition.  *See* Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); *see also* Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004)("Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition.").  A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriquez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief] and may be brought pursuant to § 1983 in the first instance." Nelson v. Campbell, 541 U.S. 637, 643, 124 S. Ct. 2117, 2122 (2004).

Notwithstanding Petitioner's invocation of Section 2241, he seeks

2

to pursue a civil rights claim, based on an asserted violation of the Eighth Amendment, related to his conditions of confinement, *i.e.,* the alleged failure to provide him with adequate medical treatment. Petitioner seeks relief that is not available through a habeas action. *See* <u>Douglas v. Jacquez</u>, 626 F.3d 501, 504 (9th Cir. 2010)("The power of a federal habeas court 'lies to enforce the right of personal liberty' . . . [and as] such, a habeas court 'has the power to release' a prisoner, but 'has no other power.'")(citations omitted). Petitioner's claim, therefore, must be raised by way of a civil rights complaint,[1] rather than through a habeas petition brought under Section 2241.

While the Court may construe a flawed habeas petition as a civil rights action, *see* <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251, 92 S. Ct. 407, 409 (1971), converting the Petition to a <u>Bivens</u> complaint would be improper, given that: (1) the Petition was not accompanied by the $350 filing fee; (2) the Petition was not accompanied by an affidavit regarding Petitioner's financial status and a certified trust account statement covering the past six months as required by 28 U.S.C. § 1915(a); (3) the Petition was not accompanied by an authorization by Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b); (4) it appears unlikely that Petitioner has exhausted his administrative remedies, a prerequisite to filing a

---

[1]    Because Petitioner challenges the actions of a federal employee, his civil rights claim must be raised under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388, 91 S. Ct. 1999 (1971), rather than 42 U.S.C. § 1983, which applies only to state action.

civil rights action;[2] (5) no viable <u>Bivens</u> claim has been stated against the sole named Respondent;[3] and (6) Petitioner has not identified the capacity in which Respondent would be sued for purposes of a civil rights claim, a critical issue for sovereign immunity purposes.[4]

In addition, if the Petition were converted to a <u>Bivens</u> complaint, Petitioner would be obligated to pay the $350 filing fee for such a civil action, either in full or through withdrawals from his prison trust account in accordance with the availability of funds.  *See* 28 U.S.C. § 1915(b).  The dismissal of this action at the pleading stage would not end Petitioner's obligation to pay that $350 filing fee. Further, the Court would be obligated to screen the converted Petition pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995.  *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  The

---

[2]     "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Exhaustion is required "irrespective of the forms of relief sought and offered through administrative avenues."  <u>Booth v. Churner</u>, 531 U.S. 731, 741 n.6, 121 S. Ct. 1819, 1825 n.6 (2001).

[3]     The present Warden of USP-Lompoc is the only named Respondent. The Petition and related Memorandum, however, do not contain any allegations with respect to Respondent, such as what he did or did not do, much less identify what conduct by him violated the Eighth Amendment.  Although Petitioner identifies several persons at USP-Lompoc who allegedly wrongfully denied his requests for assistance (including the former Warden), Petitioner does not allege *any* conduct by Respondent.   The Petition, thus, appears to constitute an improper attempt to hold Respondent vicariously liable premised on the doctrine of respondeat superior, which is inapplicable to <u>Bivens</u> claims.  *See* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948 (2009).

[4]     *See, e.g.,* <u>Mayben v. Barnes</u>, 290 F. Supp. 2d 1169, 1173 (E.D. Cal. 2003)("a *Bivens* action cannot be brought against a federal employee in his or her official capacity because this would be deemed an action against the United States").

allegations of the Petition do not state a cognizable Bivens claim against Respondent. If the converted Petition ultimately were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" -- *i.e.*, prior actions dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted -- may not bring an action or appeal without prepayment of the full filing fee unless "the prisoner is under imminent danger of serous physical injury." Thus, the Court believes it is appropriate to dismiss the Petition, without prejudice, so that Petitioner may determine whether or not he wishes to raise his present Eighth Amendment Bivens claim through a properly-submitted civil complaint.[5]

Accordingly, based upon the foregoing, IT IS ORDERED that Judgment shall be entered dismissing the instant Petition without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 22, 2013.

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

_____

[5]   Petitioner also then may determine if he is willing to incur the $350 filing fee obligation, as well as the possibility of incurring another "strike."

5